**Satheeskannan SENTHINATHAN,**
**Petitioner,**

v.

**Alberto R. GONZALES, United States**
**Attorney General, Respondent.**

**No. 04–70451.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2006.*

Filed April 20, 2006.

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Minick, DOJ–U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,** District Judge.

MEMORANDUM ***

Satheeskannan Senthinathan appeals the decision of the Board of Immigration Appeals (BIA) affirming denial by the immigration judge (IJ) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We affirm.

Generally, courts of appeals review decisions of the Board, and not those of immigration judges. *See Alaelua v. INS,* 45

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

F.3d 1379, 1381–82 (9th Cir.1995). But where, as here, the Board affirms the decision of the immigration judge for the reasons stated in her decision without offering its own discussion of particular findings of the immigration judge, the Court reviews the decision of the immigration judge. *See Al–Harbi v. INS,* 242 F.3d 882, 887–88 (9th Cir.2001); *Alaelua,* 45 F.3d at 1381–82. The substantial evidence standard of review governs the judicial review of adverse credibility findings in removal cases. *Al–Harbi v. INS,* 242 F.3d at 888 (citation omitted).

There is substantial record evidence to support the IJ's adverse credibility finding. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Apart from Senthinathan's admittedly false testimony, there were significant internal inconsistencies with Senthinathan's testimony, as well as discrepancies between his testimony before the IJ and the information contained in the prior record of sworn statement and credible fear worksheet.

Substantial evidence also supports the determination of the BIA and IJ that Senthinathan failed to establish eligibility for withholding of removal. "A failure to satisfy the lower standard of proof required to establish eligibility for asylum ... necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (internal quotation marks omitted). Even setting aside this general rule, the record fails to show that "it is more likely than not" that Senthinathan would be threatened by persecution if he were returned to Sri Lanka.

An applicant for protection under the Convention Against Torture has the burden to show that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(1)-(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 208.18(a)(1). Substantial evidence supports the Board's denial of torture protection. Senthinathan was unable to provide credible evidence that it is more likely than not that he will be tortured by or with the acquiescence of the Sri Lankan government if he returns to Sri Lanka.

**AFFIRMED.**